1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHYLLIS ATKINS, individually and as the personal representative of the ESTATE OF BOBBY J. ATKINS,

    Plaintiff,

v.

PACIFICARE OF WASHINGTON, INC., a Washington corporation,

    Defendant.

No. C04-5889RBL

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the court on Defendant's Motion for Partial Summary Judgment [Dkt. #39]. Defendant seeks the dismissal of Plaintiff's state law breach of contract claim, arguing that it is pre-empted by the Federal Medicare statutory and regulatory scheme (*see*, for example, 42 U.S.C. §1395w-26(b); 42 C.F.R .422.402(a) and (b)). Defendant argues that the "coverage determination" at issue is not before this court, but is instead "properly decided" in *PacifiCare of Washington, Inc. v. Mike Leavitt*, Cause No. 05-0059RBL. That case is PacifiCare's appeal of an adverse administrative determination regarding its coverage of Mr. Atkins' medical care.

Defendant also seeks summary dismissal of Plaintiff's claim for attorneys' fees under the Washington state authority *Olympic Steamship Co., Inc. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). It argues that a claim for such fees is not a "stand alone" claim but is instead necessarily dependent on the breach of contract claim, and in the absence of such a claim, there can be no fee award

under *Olympic Steamship*.[1]

The Plaintiff agrees that her state law breach of contract claim is preempted, and apparently agrees to the dismissal of her "coverage" claim. She argues, however, that her attorneys' fee claim survives the dismissal of her breach of contract claim. She also argues that the remaining state law claims must be remanded to state court, as this court does not have subject matter jurisdiction over them. In its Reply, PacifiCare agrees to a remand, and suggests that the "state law" attorneys' fee issue could be resolved in state court.

As an initial matter, the dismissal of the federal question that formed the basis for this court's jurisdiction does not necessarily mean that the case must be remanded. 28 U.S.C. §1367(c)(3) provides instead that the District Court "*may* decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction." (Emphasis added). The dismissal of a federal question properly before the court does not necessarily divest the court of subject matter jurisdiction.

It does not appear that this litigation, however, was ever properly before this court. PacifiCare removed this case on the ground that Plaintiff's state law breach of contract claim was preempted by the Medicare scheme, raising a federal question. [*See* Dkt. #1] It now seeks dismissal of the breach of contract claim, arguing not only that Plaintiff's state law claim to establish coverage is preempted by the federal scheme, but that the coverage determination is the subject of a different litigation – Cause No. 05-0059RBL. The Plaintiff does not appear to dispute this. Indeed, she now agrees to the dismissal of her breach of contract claim, and urges remand to the state court on the ground that there is no federal subject matter jurisdiction. In other words, both parties now acknowledge that this litigation was never one to establish coverage, under either state or federal law.

---

[1] In its Reply, PacifiCare also argues that Plaintiff's attorneys' fee claim "necessarily implicates" a coverage determination and that it too is preempted by Medicare.

ORDER    2

Instead, the "coverage determination" aspect of this dispute was, consistent with the federal statutory scheme acknowledged by both parties, an administrative one. PacifiCare initially denied coverage, and the CDHR upheld that denial. Plaintiff continued her pursuit of coverage, and she prevailed before the Administrative Law Judge. PacifiCare sought review of that decision before the Medicare Appeals Council, which declined to review it, leaving the ALJ's decision as final, at least in the administrative portion of the case. PacifiCare then appealed to this court, as was its right, in cause No. 05-0059RBL – not in this case. It pursued its appeal despite having paid (at some point) the medical costs it had initially refused to cover. PacifiCare maintained its appeal until the Defendant in that case moved for summary judgment, and the Plaintiff in this one moved to intervene there. PacifiCare then abandoned its appeal, and that case was dismissed. At that time, the coverage question was finally and conclusively determined against PacifiCare.

This case, initially filed in Pierce County, seeks "collateral" state law tort damages resulting from the allegedly wrongful denial of coverage, and the attorneys' fees incurred to establish coverage. Those fees were incurred in the administrative process, not in this litigation. Whether such fees are recoverable under *Olympic Steamship* in state court is a matter best resolved by the state court. There is no Federal question remaining in the case, if there ever was one before this court.

The Defendant's Motion for Partial Summary Judgment on the Plaintiff's breach of contract claim is therefore GRANTED and that claim is DISMISSED. It is Further ORDERED that the court DECLINES to exercise supplemental jurisdiction over plaintiff's remaining state law claims, including her claim for fees incurred in establishing coverage. Plaintiff's state law claims are REMANDED to the Superior Court for Pierce County. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is

//

/

ORDER                                                              3

further directed to send certified copies of this order to the Clerk of the Court for Pierce County Superior Court.

Dated this 27th day of September, 2005

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE